UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRADLEY CARTER,**

    Plaintiff,

v.                                                  Case No.: 8:15-cv-1033-T-17AAS

**CELLCO PARTNERSHIP d/b/a**
**VERIZON WIRELESS,**

    Defendant.

_____/

**ORDER**

This matter is before the Court on Plaintiff's Motion to Compel the Scope of All Discovery Evidence (Doc. 62). Defendant filed its response stating Plaintiff has not served any discovery request for the information he is seeking (Doc. 70).

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *Id.*

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *See United States v. Proctor & Gamble Co.,* 356 U.S. 677, 682, 78 S. Ct. 983 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this

district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

In the instant case, *pro se* Plaintiff failed to serve any formal discovery request related to the documents that he now seeks to compel for production. In addition, the Motion is in violation of the Court's July 5, 2016 Order prohibiting any discovery-related filing that deviates from the procedure set forth by the Court.[1]

Accordingly, it is **ORDERED:**

Plaintiff's Motion to Compel the Scope of All Discovery Evidence (Doc. 62) is **DENIED.**

**DONE AND ORDERED** in Tampa, Florida on this 6th day of September, 2016.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] On May 11, 2016, *pro se* Plaintiff filed a Motion to Show Cause (Doc. 43), requesting that the Court hold Defendant in contempt for failing to provide Plaintiff with certain documents. On July 5, 2016, the Court denied Plaintiff's Motion to Show Cause, finding that he "has neither served formal discovery requests on the Defendant, nor has he demonstrated that the Rule 26 Disclosures are deficient." (Doc. 50, p. 2). The Court set forth an expedited procedure to resolve Plaintiff's discovery complaints. It directed Plaintiff to provide Defendant with a "list of any documents and electronically stored information he believes are discoverable to the Defendant's counsel within 15 days." (*Id.*). It then provided a procedure for an expedited response and motion practice. (*Id.*). The Court also cautioned that "the Court will not consider any discovery-related filing that deviates from this procedure." (*Id.*). Plaintiff failed to comply with this procedure.